IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBYN REED,

        Petitioner,       OPINION AND ORDER

 v.

                       16-cv-479-wmc
                       14-cr-41-wmc

UNITED STATES OF AMERICA,

        Respondent.

---

  On December 2, 2014, Robyn Reed was sentenced in this court after she pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846. The statute under which she was convicted imposed a mandatory minimum sentence of 10 years imprisonment and 5 years supervised release. 21 U.S.C. § 841(b)(1)(A)(viii). Reed's relevant-conduct drug amount was between 1.5 and 4.5 kilograms of pure methamphetamine, resulting in a base offense level of 36. When paired with her criminal history category III, Reed's advisory guideline range was 168-210 months. Based on the relevant sentencing factors, the court sentenced Reed to 132 months imprisonment, to be followed by 5 years supervised release.

  Reed has filed a motion for post-conviction relief under 28 U.S.C. § 2255.[1] She has also filed a motion to modify her sentence under 18 U.S.C. § 3582(c). Both motions will be denied.

---

[1] This is Reed's first motion for post-conviction relief, so she does not need the permission of a panel of the Court of Appeals for the Seventh Circuit to proceed. 28 U.S.C. § 2255(h).

1

OPINION

I.  **Motion under § 2255**

Reed argues in her § 2255 motion that she is entitled to a reduction in her sentence under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the vagueness of the "residual clause" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the due process clause of the Fifth Amendment. The decision in *Johnson* does not apply to Reed's sentence, however, so her motion must be denied.

*Johnson* does not apply to Reed's sentence because she was not sentenced as an armed career criminal under 18 U.S.C. § 924(e)(2)(B). Nor was Reed sentenced under any other provision containing language similar to the "residual clause" invalidated by *Johnson*. Instead, Reed was sentenced based on the relevant-conduct provisions of the statute she violated and the Sentencing Guidelines. Thus, there can be no argument that Reed was sentenced under a provision that has now been found unconstitutional under the decision in *Johnson*. Accordingly, Reed's motion for relief under § 2255 will be denied. For the same reasons, her request for appointment of counsel to assist her in pursuing her petition will also be denied.[2]

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a

---

[2] The Federal Defenders office reviewed Reed's motion and notified the court that it would not be

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Reed has not made a substantial showing of a denial of a constitutional right so no certificate will issue. Reed is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider her request unless she first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

II.  Motion under § 3582(c)

In her motion under § 3582(c), Reed argues that she is entitled to a reduction in her sentence in light of the United States Sentencing Commission's adoption of Amendment 794, which became effective on November 1, 2015. Amendment 794 amended the commentary and notes to U.S.S.G. § 3B1.2, which concerns the mitigating role reduction. Reed argues that because she played a minor role in the offense

---

appearing on Reed's behalf.  (Dkt. #4.)

underlying her conviction, she is entitled to a reduction under the additional guidance provided to courts in Amendment 794.

Reed is not entitled to a sentence reduction, however, because Amendment 794 has not been held retroactive on collateral review. *See* U.S.S.G. § 1B1.10(d) (listing retroactive amendments). Reed cites *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016), but that case does not help her. In that case, the court held that Amendment 794 applies retroactively in direct appeals, but declined to determine whether "a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." *Id.* Assuming the Seventh Circuit agrees with the Ninth Circuit that Amendment 794 applies retroactively to cases pending on direct appeal, therefore, Reed is still not entitled to relief on collateral review. If, or when, Amendment 794 becomes available retroactively to defendants who have exhausted their direct appeal, Reed should file a new § 3582 motion.

ORDER

IT IS ORDERED that:

(1) Petitioner Robyn Reed's motion for post-conviction relief under 28 U.S.C. § 2255, dkt. #1 in case no. 16-cv-479-wmc, is DENIED. Her request for appointment of counsel, dkt. #2, is also DENIED.

(2) Petitioner's motion for modification of sentence under 18 U.S.C. § 3582(c), dkt. #119 in case no. 14-cr-41-wmc, is DENIED.

(3) No certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 15th day of June, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge